CHARLES H. WINTER, PLAINTIFF-APPELLEE, v. NORTH JERSEY BUS COMPANY, DEFENDANT-APPELLANT.

GUSSIE PURDY, PLAINTIFF-APPELLEE, v. NORTH JERSEY BUS COMPANY, DEFENDANT-APPELLANT.

Submitted May 14, 1926—Decided December 23, 1926.

**Negligence—Motor Vehicle Collision With Motor Bus—Alleged That Driver of Bus was Not Defendant's Agent, or that His Negligence Caused the Accident—Plaintiff's Car was Following Bus, Which Suddenly, Without Warning, Turned to Left, Crossing Entire Road, Forcing Plaintiff's Car Into Ditch, Causing Damage—Defendant Had Loaned Bus to Another Company For a Special Trip, but it was Being Driven by Defendant's Driver, While the Other Company's Employe was Aboard, Collecting Fares—Held, That Under the Circumstances it was a Question of Fact on the Relation of Master and Servant as well as on the Question of Negligence.**

On appeal from the Paterson District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *James M. Dunn.*

For the appellee, *George Gold* and *William B. Gourley.*

PER CURIAM.

The above-entitled cases were tried together in the Paterson District Court before the judge without a jury, and verdicts

and judgments were rendered for both plaintiffs. The actions grew out of a collision on February 21st, 1925, at about six o'clock in the evening of that day between a Buick touring car, driven by the plaintiff Charles H. Winter, and the defendant's bus. The judgment in favor of the plaintiff Winter was for damages to his car and for personal injuries, and to the plaintiff Purdy for injuries to her person and to her artificial teeth. From these judgments defendant appeals, and the two cases were argued together.

The grounds of appeal argued are that the court erroneously decided that the driver of the bus was the agent of the defendant and that his negligence caused the accident.

An examination of the evidence convinces us that the trial judge was justified in his findings in both respects. There was proof that the plaintiff Winter was driving some distance in the rear of the bus of the defendant company operated by its driver, and that suddenly without warning the driver of the bus slowed down and turned to the left, crossing the entire width of the road, and that in doing so the plaintiff in also turning to the left to avoid the bus was forced off the road, with the result that his car went into a ditch causing the damages for which the actions were brought. This was evidence of negligence and justified the court in so finding. *Jackson* v. *Geiger,* 100 *N. J. L.* 330.

It was also contended by the defendant that the bus at the time of the accident was in the use of, and under the control of, another company (the Paterson Riverdale Company), a company wholly unconnected with the defendant. At the close of the plaintiff's case it appeared that the bus was the property of the defendant and was being driven by its driver. The defendant's proofs tended to show that at four o'clock of the afternoon of the day in question one James Farrell, of the Paterson Riverdale Company, called up the president of the defendant company and asked for the loan of the bus to make the five-fifteen trip, and to this the president of the defendant said, "Yes, you can have it," and said, "It is up in the garage and the driver came down with it and I let him have it with the understanding that his driver should go along and collect

the fares." The driver did go along and there was proof both ways that the driver of the Paterson Riverdale Company who went along both did and did not direct the movements of the bus.

At the close of the plaintiffs' case there was a presumption of law that the bus was in the possession and control of the defendant or its agent at the time of the accident (*Mahan* v. *Walker*, 97 *N. J. L.* 304; *Tischler* v. *Steinholtz*, 99 *Id.* 149), but it is contended by the appellant that the presumption thus existing was clearly overcome by uncontradicted proof which presented a situation where a motion for the direction of a verdict for the defendant should have been granted.

Assuming, without deciding, that the cases cited justify as a matter of law the view that the presumption can in any case be rebutted to such a degree that the question should become one of law for the court and not of fact, we think it clear that the proofs on behalf of the defendant did not meet this test. The request of the Paterson Riverdale Company was for the loan of its bus; nothing was said about the driver, but the chauffeur went with it. The loan of the bus was on condition that the driver of the Paterson Riverdale Company go along to collect fares, inferentially leaving the defendant's servant, as such, to operate the bus. The chauffeur was then in the employ of the defendant, presumably in its pay, and it is consistent with the proofs in the case that he continued in such relation at the time of the accident. Under these circumstances we think there was a question of fact on the relation of master and servant as well as on the question of negligence.

The judgments are affirmed.